## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JAMES BEECH**                                                                          **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO.** 3:24-cv-845-DPJ-ASH

**RANKIN COUNTY, MISSISSIPPI;**
**OFFICER BRETT MCALPIN,**
**officially and in his individual capacity,**
**OFFICER MARK CHAPMAN,**
**officially and in his individual capacity;**
**and JOHN OR JANE DOES 1 - 15**                                         **DEFENDANTS**

---

### COMPLAINT

---

**[JURY TRIAL DEMANDED]**

COMES NOW the Plaintiff, James Beech, by and through his counsel, and would file his Complaint against the Defendants named herein, and in support thereof present the following to wit:

---

### PARTIES, JURISDICTION AND VENUE

---

1.     Plaintiff, James Beech, is an adult resident citizen of Rankin County, Mississippi.

2.     Defendant Rankin County, Mississippi, (hereinafter "Rankin County") is a political subdivision of the State of Mississippi and at all times relevant operated under of state law.  Defendant Rankin County is responsible for the actions of its officers acting under color of state law.  Defendant Rankin County may be served with process through its Chancery Clerk, Mark S. Scarborough, in Brandon, Mississippi.

3.      Defendant, Brett McAlpin, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said Brett McAlpin was employed by Rankin County, Mississippi, and, upon information and belief, was an officer when the events set forth in this Complaint occurred and was acting and/or neglected to act in the course and scope of his employment and under color of state law.  Said Brett McAlpin is made a Defendant herein individually and in his official capacity as a police officer with the Rankin County Sheriff Department.  Defendant, Brett McAlpin, may be served process of this Court in the time and manner provided by law.

4.      Defendant, Mark Chapman, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said Mark Chapman was employed by the Rankin County and, upon information and belief, was an officer when the events set forth in this Complaint occurred and was acting and/or neglected to act in the course and scope of his employment and under color of state law.  Said Mark Chapman is made a Defendant herein individually and in his official capacity as a police officer with the Rankin County Sheriff's Department.  Defendant, Mark Chapman, may be served process of this Court in the time and manner provided by law.

5.      Plaintiff is unknowing of the true names and capacities of Defendants sued herein as JOHN OR JANE DOES 1-15, inclusive, and therefore sue these Defendants by such fictitious names and capacities.  Plaintiff will amend this complaint to allege the true names and capacities of these John or Jane Does when ascertained.

Plaintiff is informed and believes and on that basis alleges that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of each such Defendant.

6.      At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights and civil rights of Plaintiff, and thereby did inflict, allow to be inflicted and failed to prevent the infliction of injuries suffered by Plaintiff, all accomplished under color of law, and the Defendants are therefore liable unto Plaintiff for the acts and omissions set out herein.

7.      The injuries to Plaintiff, in addition to the deliberate acts pleaded herein, were readily foreseeable by each Defendant as the obvious consequence of their deliberate actions.  In other words at all times pleaded herein it was clearly obvious to all Defendants that the harm which occurred to Plaintiff, would occur sooner or later to a citizen of Rankin County, absent remedial action on the part of the Rankin County Sheriff's Department, acting through its agents the Defendants herein, who, despite their knowledge failed to act.

8.      Whenever and wherever reference is made in this complaint to any act by a Defendant and/or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

9.      This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. 1343(a)(3) (Civil Rights), the Fourth,

and Fourteenth Amendments to the United States Constitution, and due to

supplemental jurisdiction over the state law claims, and personal jurisdiction as the

Defendants are residents or entities located within the jurisdiction of this Court.

10.    Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391,

because the conduct, acts and/or omissions upon which this cause of action is based

occurred in Rankin County, Mississippi, which is completely within the jurisdiction of the

United States District Court for the Southern District of Mississippi, Eastern Division, and

this case involves federal questions of law.

## FACTS GIVING RISE TO CAUSE OF ACTION

11.    At all times relevant hereto the Defendants, acting individually and in

concert with each other, as set forth herein below, acted unreasonably and with

deliberate indifference to, and in reckless disregard for the constitutional rights of and

the civil rights of the Plaintiff, James Beech.

12.    On or about August 12, 2020, Plaintiff, James Beech, was arrested in his

home, on Lou Ann Street in Florence, Mississippi.  He was charged with a controlled

substance and possession of a .22 caliber pistol, which did not belong to him. One of

the officers, Deputy Hunter fired his weapon twice in close proximity to the Plaintiff's

head, and Plaintiff sustained a burst ear drum. Officer Dedmon took the pistol from the

Plaintiff's  house on the way out with the  pretention of taking it from the Plaintiff.

Plaintiff's son used the pistol to deter animals from getting into the garbage.

13.     On or about December 29, 2021, Plaintiff was then taken to Rankin county jail and placed in lockdown for twenty-one (21) days. Plaintiff remained in lockdown until January 19, 2022.

14.     Officers/personnel came for the Plaintiff with the pretense that he was going to medical department for a covid test; however, he was taken to an office where Defendant Brett McAlpin ordered Defendant Mark Chapman to beat the Plaintiff.

15.     In the room was Defendant Brett McAlpin, Defendant Mark Chapman and one other law enforcement officer unknown to the Plaintiff.

16.     Plaintiff heard Defendant Chapman say he had no problem beating up an old man. Plaintiff was 58 years of age at this time. Plaintiff suffered from medical problems of COPD, Emphysema, heart conditions hyper sensitivity, and Alpha I that requires him to receive a blood transfusion weekly. Plaintiff weighed around 105 pounds at the time of this incident.

17.     Defendant Chapman began beating the Plaintiff and continued during the course of approximately fifteen (15) minutes. Defendant McAlpin told the Plaintiff he would do it himself if he said anything. Plaintiff was then put back in lockdown, leaving him with blackened eyes, bruised face, a broken blood vessel in one his eyes and broken ribs.

18.     Plaintiff received no medical attention while he was in jail for any of his medical conditions.

19.     After an attorney was hired on Plaintiff's behalf, bail was set and Plaintiff was released and went to Merit hospital in Flowood, Mississippi.

20.     On January 19, 2022, the Plaintiff was treated by a medical doctor for broken ribs, bloodshot eye to right eye, bruised left eye and pain over his body.

21.     As a direct and proximate result of the acts and/or omissions of the Defendants, and each of them, including certain unknown John or Jane Does 1-15, who are employees, operators, staff, agents, and/or contractors of Rankin County, the Plaintiff suffered bodily injury, a substantial risk of serious harm, and negligent, grossly negligent, and intentional infliction of pain and suffering in a deliberate indifference to the health needs of the Plaintiff.

22.     The Defendants and certain unknown John or Jane Does 1-15, who upon information and belief are deputies, employees or staff of Rankin County, Mississippi, intentionally and willfully disregarded and ignored the Plaintiff's safety and physical welfare by restraining him, beating him, and physically abusing him.  He did not receive proper medical treatment causing neglect and undue cruel and inhumane treatment.

23.     Upon information and belief, it is standard, commonly accepted practice at the Rankin County, Mississippi, detainees to be unlawfully beaten, refused medical treatment and otherwise physically abused and neglected by their superiors.

24.     Defendant Brett McAplin has plead guilty for civil rights violations for these same acts which are condoned by  Ranking County, Mississippi, as an illegal means of abusive law enforcement.

25.     Defendant Rankin County, Mississippi, has been sued for such civil rights violations indicting a pattern and practice for allowing these illegal violations of

constitutional rights to inmate.

26.    The Defendants' actions show deliberate indifference to the health, safety, and well-being of the Plaintiff and others similarly situated. The Defendants' actions amounted to unnecessary and unreasonable violence toward the Plaintiff, willful, wanton and intentional infliction of pain and suffering that constituted cruel and unusual punishment resulting in a gross deprivation of federal and state rights, privileges, protections, and immunities afforded to the Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

27.    At all times during Plaintiff's unlawful detention, the Defendants were acting under color of authority of the laws and regulations of the State of Mississippi and Federal law and pursuant to policies and procedures of the Rankin County Sheriff's Department.

28.    At all times during Plaintiff's unlawful denial of medical treatment, the Defendants were acting under color of authority of the laws and regulations of the State of Mississippi and Federal law and pursuant to policies and procedures of the Rankin County Sheriff's Department.

29.    Upon information and belief, the Rankin County Sheriff's Department had policies, customs, or practices in place that allowed its agents and employees, the Defendants herein, to act with deliberate, reckless, and callous indifference to the constitutional rights and other rights protected by law of individuals unlawfully arrested and detained by the Rankin County Sheriff's Department, thus directly causing the violation of the Plaintiff's constitutional rights. Defendant Rankin County

has been sued for such constitutional violations as these in the last four years showing a pattern and practice of deliberate indifference to pre-trial inmates.

30.     Defendants, Rankin County, Mississippi, Officer Brett McAlpin, Officer Mark Chapman, and/or certain as yet unidentified John or Jane Does 1-15, and other members of the Rankin County Sheriff's Department, acting in the course and scope of their employment with the Rankin County Sheriff's Department, engaged in a course of conduct that resulted in unnecessary and unreasonable violence resulting in cruel and unusual punishment toward the Plaintiff and caused a violation of the constitutional and civil rights of the Plaintiff.  This conduct by Defendants was the proximate and sole cause of the damages and losses sustained by the Plaintiff in this matter.

31.     Defendants, Rankin County, Mississippi, Officer Brett McAlpin, Officer Mark Chapman, and certain as yet unidentified John or Jane Does 1-15, and other deputies involved in the events described herein, were either directed or allowed by Rankin County, Mississippi, policy makers to ignore the constitutional and civil rights of the Plaintiff without repercussion in violation of state and federal law.

32.     Upon information and belief the Rankin County, Mississippi, created and maintained a culture, pattern and practice of physically abusing pre-trial detainees who did not act or behave exactly the way the deputies told them to act or behave, ignoring detainees' safety and welfare in the Rankin County Sheriff's Department, and violating detainees' constitutional rights, both state and federal, which created policies, practices and procedures that led to the violation of the Mississippi and United States Constitutional rights of the Plaintiff.

33.     Upon information and belief, there policies, practices or customs in place at the Rankin County Sheriff's Department which caused, ratified and/or furthered the violation of Plaintiff's rights as described herein.  Plaintiff accordingly seeks redress under 28 U.S.C. § 1983 for the Defendants' violation of Plaintiff's Fourth and Fourteenth Amendment rights.

34.     At all times pertinent herein the Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of Plaintiff.

35.     The Defendants, acting individually and together, under color of law, engaged in a course of conduct, and worked together, to deprive Plaintiff's rights under federal and state law and are liable unto Plaintiff jointly and severally for the wrongful acts complained of herein.

36.     The Defendants acting individually and together, under color of law, engaged in a course of conduct which caused the emotional, mental and physical pain and suffering, and damages of Plaintiff, and violated his rights as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

37.     The actions of the Defendants were willfully in violation of Plaintiff's federally protected rights, and said willful and reckless actions justify the imposition of punitive damages.

## COUNT ONE - 42 U.S.C. § 1983 AND 1988

38.     In order to prevent repetition, Plaintiff hereby re-alleges all the paragraphs hereinabove, incorporates them herein, and makes them a part hereof for all purposes.

39.     Defendants, Rankin County, Mississippi, Officer Mark Chapman, Officer Brett McAlpin, and the as yet unidentified John or Jane Does 1-15, acted under color of law but contrary to law, and intentionally and unreasonably deprived the Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983 and 1988, including, Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by Fourth and Fourteenth Amendments of the United States Constitution.

40.     At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendants implemented policies, customs, usage, or practices wherein the rights, privileges, or immunities of the Plaintiff were violated.

41.     The Defendants, joint and severally, engaged in a course of conduct that resulted in the violation of Plaintiff's right to the equal protection of the law of the United States of America, pursuant to the Fourteenth Amendment of the Constitution of the United States of America, and corresponding provisions of the Constitution of the

State of Mississippi; the right to procedural and substantive due process of the law pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and corresponding provisions of the Constitution of the State of Mississippi; the right be free from unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, and corresponding provisions of the Constitution of the State of Mississippi; and the right against cruel and unusual punishment as secured by the Fourteenth Amendment to the Constitution of the United States of America.

42.    The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of civil rights, the unnecessary and wanton infliction of pain resulting in a deprivation that was sufficiently serious wherein the Defendants acts, maliciously and sadistically by using force and physical violence were designed and intended by the Defendants to cause the Plaintiff physical, mental and emotional harm, and pain, humiliation and/or injury.

43.    The violations complained of in this Complaint include, but are not limited to, the denial of necessary medical care due to the excessive force by Defendants in which was needed for the Plaintiff.

44.    As a direct and proximate consequence of the Defendants' actions, the Plaintiff was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America and the laws of the United States of America and the State of Mississippi, as stated above.

45.    At all times material hereto, the Defendants, Rankin County, Mississippi, Officer Brett McAlpin, Officer Mark Chapman, and certain as yet unidentified John or Jane Does 1-15, acted pursuant to the policies, customs, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent officially policy of or were pursuant to a governmental custom, usage or practice of the Rankin County Sheriff's Department and therefore of the Defendants herein.

46.    It is further averred that Defendants, in their official capacities, were governmental officials whose acts may fairly be said to represent official policy, practices, customs, usage, or regulations of the Rankin County Sheriff's Department. The aforementioned Defendants collectively and individually developed, planned, and/or implemented customs and/or practices that resulted in and caused the violations of the constitutional and civil rights of Plaintiff.

47.    As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Plaintiff of certain rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Mississippi, the Plaintiff suffered injuries to his person resulting from the deprivation of his constitutional rights, privileges, and immunities, and ultimately resulting in his injuries for which he experienced pain and suffering, humiliation, mental and physical distress, and severe emotional anguish.

48.    Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988 or any other statute or common law.

## COUNT TWO - 42 U.S.C. § 1983 AND 1988 (DEPRIVATION OF CIVIL RIGHTS)

49.    In order to prevent repetition, Plaintiff hereby re-alleges all the paragraphs hereinabove, incorporates them herein, and makes them a part hereof for all purposes.

50.    Defendants, Rankin County, Mississippi, Officer Brett McAlpin, Officer Mark Chapman, and certain as yet unidentified John or Jane Does 1-15 acted under color of law.

51.    Defendants' conduct under the code of law violated Plaintiff's right to due process of law, and the violation of the prohibition on cruel and inhuman punishment as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States.

52.    Prior to the events described herein, the Defendants developed and maintained customs and practices exhibiting deliberate indifference to violations of the constitutional and civil rights of citizens and pre-trial detainees of the Rankin County Sheriff's Department.

53.    Defendants entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving Plaintiff of rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States

Constitution as well as corresponding provisions of the Constitution of the State of Mississippi.

54.    The Defendants demonstrated deliberate indifference to the constitutional rights of citizens and detainees of the Rankin County Sheriff's Department, and were the cause of the violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States of Constitution.

55.    During the events alleged in the Complaint, Defendants, Rankin County, Mississippi, Officer Brett McAlpin, Officer Mark Chapman, and the as yet unidentified John or Jane Does 1-15, acted in concert, within the scope of their employment and under color of law, and deprived Plaintiff of his rights under the U.S. Constitutional and Federal Statutes.

56.    Defendants violated 42 U.S.C. § 1983; Defendants' conduct operated to deprive Plaintiff of his rights guaranteed by the United States Constitution and Federal Statutes.

57.    Plaintiff exercised his rights under the Fourth and Fourteenth Amendments of the United States Constitution and under the laws and Constitution of the State of Mississippi.

58.    As a result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff suffered substantial injuries and damages.

59.    As a direct a proximate result of the foregoing, Defendants deprived Plaintiff of his rights and privileges as a citizen of the United States, and Defendants caused the Plaintiff to suffer significant indignities, and to sustain shock and injury to his face, head and person, and suffer physical, mental and emotional injuries, all of

which has caused the general damages requested by Plaintiff in a sum which will be proven at trial.

## COUNT THREE - 42 U.S.C. § 1983 AND 1988
## VIOLATIONS OF FOURTH AND FOURTEENTH AMENDMENTS

60.     In order to prevent repetition, Plaintiff hereby re-alleges all the paragraphs hereinabove, incorporates them herein, and makes them a part hereof for all purposes.

61.     This cause arises under the Fourth and Fourteenth Amendments of the United States Constitution.

62.     Plaintiff's Constitutional rights that Defendants violated include the following:

A.     Plaintiff's right to be free from cruel and unusual punishment pursuant to the Fourth and Fourteenth Amendments;

B.     Plaintiff's right to due process of law protected by the Fourth and Fourteenth Amendment; and,

D.     Plaintiff's right to the equal protection of the laws of the United States of America, pursuant to the Fourteenth Amendment.

63.     Defendants Rankin County, Mississippi, Officer Brett McAlpin, Officer Mark Chapman, and the as yet unidentified John or Jane Does 1-15, was undertaken under color of law and operated to deprive Plaintiff of rights guaranteed by the United States Constitution as well as corresponding provisions of the Constitution of the State of Mississippi.

64.    As a direct and proximate result of the foregoing, Defendants deprived Plaintiff of his rights and privileges as a citizen of the United States, and Defendants caused the Plaintiff to suffer significant indignities, and to sustain shock and injury to his head, face and person, and suffer physical, mental and emotional injuries, all of which has caused the general damages requested by Plaintiff in a sum which will be proven at trial.

## COUNT FOUR - FOURTEENTH AMENDMENT

65.    In order to prevent repetition, Plaintiff hereby re-alleges all the paragraphs hereinabove, incorporates them herein, and makes them a part hereof for all purposes.

66.    The Fourteenth Amendment to the United States Constitution operates legally to make the Eight Amendment prohibition against cruel and unusual punishments applicable to pretrial detainees such as the Plaintiff and others similarly situated.  Thus, the United States Constitution, the Mississippi Constitution, the Statutes and law of the State of Mississippi, and the policies and procedures of the Rankin County Sheriff Department, imposes certain duties on prison officials to provide humane conditions of confinement and to take reasonable steps to guarantee the safety of pretrial detainees.  At all times herein mentioned, the Defendants were legally obligated to safely detain and to protect the welfare and safety of pretrial detainees, including the Plaintiff.

67.     The Defendants and/or their agents, servants and employees, knowingly and willfully failed to provide for the safety and necessities of life of the Plaintiff, a pretrial detainee, thereby depriving Plaintiff of his civil rights and other rights secured by the Constitution and laws of the United States of America as well as the Constitution and laws of the State of Mississippi.  This deprivation of Plaintiff's rights includes the Defendants' failure to provide adequate supervision, security, and the necessities of life, including water, and/or providing improper training and management of Defendants' agents, servants and employees.  The Defendants knew of or should have known that their actions caused an excessive risk to the Plaintiff's health, safety, and well-being.

68.     The Defendants' actions demonstrated deliberate and callous indifference to the Plaintiff's constitutional and civil rights.  Further, the Defendants' deprivation of the necessities of life and safety of the Plaintiff constituted a course of action that was clearly a violation of the Plaintiff's constitutional and civil rights and demonstrated a willful and deliberate refusal to provide for the safety and welfare of the Plaintiff and other similarly situated.

69.     Defendants, Rankin County, Mississippi, Officer Brett McAlpin, Officer Mark Chapman, and certain as yet unidentified John or Jane Does 1-15, who upon information and belief are deputies, jailors, and/or other staff members of the Rankin County Sheriff's Department, are individually liable as their actions, under color of the laws and regulations of the United States of America, the State of Mississippi, and the Rankin County Sheriff's Department, were deliberately indifferent to a substantial risk of serious harm to the Plaintiff, and they are liable for punitive damages as their conduct

constitutes reckless or callous indifference to the federally protected rights of the Plaintiff and others.

70.    As a direct and proximate result of the foregoing, Defendants deprived Plaintiff of his rights and privileges as a citizen of the United States, and Defendants, by and through their actions and/or inactions intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the Plaintiff and other persons similarly situated, of equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred.

71.    Consequently, these Defendants caused the Plaintiff to suffer significant indignities, pain and suffering, and to sustain shock and injury to his head, face and person, and suffer physical, mental and emotional injuries, all of which has caused the general damages requested by Plaintiff in a sum which will be proven at trial.

## COUNT FIVE -  DAMAGES AND REMEDIES

72.    In order to prevent repetition, Plaintiff hereby re-alleges all the paragraphs hereinabove, incorporates them herein, and makes them a part hereof for all purposes.

73.    As a direct and proximate result of the actions of these Defendants, Plaintiff is entitled to damages in an amount to be determined at the trial of this action.

As a result of the violation of the constitutional and other rights of Plaintiff, as set forth in this Complaint, Plaintiff suffered the following injuries and damages:

      A.      Past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, fear and embarrassment, all of which Plaintiff suffered;

      B.      Medical, doctor, hospital and related expenses;

      C.      Attorney fees and costs under 42 U.S.C. § 1988(b), plus pre-judgment and post-judgment interest; and

      E.      Any and all other damages available under federal and state law, in actions heretofore specified under the United States Constitution, the Mississippi Constitution, and under federal and state law, including punitive and/or exemplary damages.

74.     The actions of the Defendants, and each of them, are malicious, unlawful, and/or so grossly negligent, and the Defendant's conduct involved such deliberate, callous and reckless indifference as to make these Defendants liable to the Plaintiff for punitive damages.

75.     Plaintiff alleges that the injuries and damages sustained by him were permanent and have had significant consequences on his life.

76.     That the aforesaid damages to the Plaintiff were directly or proximately caused by the negligence, gross negligence, wanton and callous indifference, reckless disregard and/or malicious or intentional acts of the Defendants, thus, the Plaintiff is entitled to sue and recover damages proximately resulting therefrom, including

compensatory damages, punitive damages, attorney's fees, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of the State of Mississippi and the United States of America.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, James Beech, demands judgment of and from the Defendants in an amount that will reasonably compensate Plaintiff for injuries and/or damages and to punish Defendants in order to deter future wrongful conduct, with said damages to include compensatory damages in an amount determined by a jury, punitive damages in an amount determined by a jury, attorney's fees and costs of these proceedings pursuant to 42 U.S.C. § 1988 and any other statute or common law, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of the State of Mississippi and the United States of America, and any and all other relief this Honorable Court deems just, proper and equitable.

DATE:  December 31, 2024.

Respectfully submitted,

**James Beech**

BY:  Daniel D. Ware, His Attorney

Ware Law Firm, PLLC
Daniel D. Ware, MSB 10,847
103 3rd Street NW
Magee, MS 39111
601-439-7079 (phone)
601-439-7063 (fax)
dware@warelawfirm.com